UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RECOVERCARE, LLC                                                    PLAINTIFF

v.                                                CIVIL ACTION NO. 3:11-CV-00215

ADVANCED WOUND TECHNOLOGIES,
USA, INC., *et al.*                                                DEFENDANTS

**<u>MEMORANDUM OPINION</u>**

This case is before the court on three motions: 1) a motion by defendants to dismiss the

complaint (DN 1, 11); 2) a motion by the plaintiff for a preliminary injunction (DN 14); and 3) a

motion by the plaintiff to disqualify counsel for the defendants (DN 15). For the reasons set forth

herein, the defendants' motion to dismiss will be granted. Accordingly, the plaintiff's motions for

a preliminary injunction and to disqualify counsel for the defendants will be dismissed as moot.

**I. BACKGROUND**

The facts herein are taken from plaintiff RecoverCare's amended complaint and the

contract that RecoverCare attached to its complaint. This dispute arises out of a May 29, 2007

distribution agreement between plaintiff RecoverCare, Inc., and defendant Advanced Wound

Technologies, USA, Inc. ("AWT"). AWT is owned by Mark Hagopian, who also owns

defendant Biologics, Inc. Hagopian serves as the sole officer and director of both companies.

The distribution agreement between RecoverCare and AWT concerned a product

manufactured by AWT, the Microsolo900Transport System (the "900t System"). The 900t

System was a pressure redistribution mattress that used a software system to adjust the surface of

the mattress and help prevent healthcare patients from suffering pressure ulcers. Under the distribution agreement, RecoverCare was to have exclusive rights to distribute 900t Systems in Texas for a term of five years and the right to sell 900t Systems in any other states where there were no exclusive dealers for the system. The distribution agreement further provided that if AWT sold or licensed the technology for the 900t System to a third party, AWT would unconditionally guarantee and warrant that its obligations under the distribution agreement would be delegated to the third party. Finally, the distribution agreement provided that AWT reserved the right to assign the distribution agreement to a third party, or to discontinue, modify, or replace the 900t System at any time.

RecoverCare distributed the 900t Systems in accordance with the agreement. However, according to RecoverCare's complaint, the 900t System was replaced with an upgraded version called the AutoVector System. RecoverCare stated in its complaint that it "currently" was purchasing AutoVectors from Biologics.[1] RecoverCare alleged, based "[u]pon information and belief," that "AW[T] assigned the Agreement to Biologics" and that "Biologics is the agent, assignee and/or alter ego of AWT and is responsible for fulfilling AWT's obligation to distribute [the AutoVector] to RecoverCare . . . pursuant to the terms of the Agreement" (Amended Complaint ¶¶ 24, 28).

In early February 2011, Hagopian allegedly informed RecoverCare that he was planning to sell AWT and Biologics, along with the technology for the AutoVector, to a third party. The

---

[1] Generally, throughout its amended complaint, RecoverCare refers to the 900t System and the AutoVector both as the "Product." However, RecoverCare's complaint does distinguish between the two systems insofar as it states that the 900t System that RecoverCare purchased from AWT was replaced with the AutoVector, which RecoverCare purchased from Biologics (Amended Complaint ¶¶ 21-22). The complaint does not state that RecoverCare ever purchased AutoVectors from AWT or 900t Systems from Biologics.

sale was scheduled to occur on March 18, 2011. Hagopian supposedly told RecoverCare that Biologics would not continue to supply RecoverCare with AutoVectors, and further stated that AWT and Biologics would not be disclosing the existence of the distribution agreement to the third-party purchaser. When RecoverCare submitted a purchase order on March 7, 2011, Hagopian stated that Biologics would not fill the purchase order as requested.

RecoverCare filed a complaint against AWT and Biologics in Jefferson County, Kentucky, Circuit Court. As amended, the complaint asserted a breach of contract claim against the defendants for "failing to unconditionally guarantee and warrant that all of its [sic] obligations under the Agreement will be delegated to a third party licensee, assignee or transferee and that the Agreement will continue in full force and effect through the remainder of the contract term." RecoverCare also brought a claim for breach of implied duty of good faith and fair dealing, claiming that the defendants breached that duty "by failing to disclose the existence and terms of the Agreement to the purchaser of the Defendants prior to the closing date of the purchase and claiming that the Agreement terminated." RecoverCare sought injunctive relief "preventing AWT and Biologics from terminating the Agreement and requiring AWT and Biologics to continue supplying the Product to RecoverCare in accordance with the purchase orders submitted by RecoverCare."

RecoverCare also moved in the Jefferson County Circuit Court for a temporary restraining order prohibiting the defendants from terminating the distribution agreement and requiring them to continue to supply RecoverCare with AutoVectors. After finding that it appeared that RecoverCare's rights under the distribution agreement were being violated and that RecoverCare would suffer immediate and irreparable injury therefrom, the state court issued a

temporary restraining order prohibiting the defendants from terminating the distribution agreement until a hearing on a motion to dissolve the restraining order was set, an order on a motion for a temporary injunction was entered, or final judgment was entered, whichever was earlier.

The defendants thereafter filed a motion in the Kentucky state court to dismiss RecoverCare's amended complaint on the ground that it failed to state a claim against the defendant upon which relief could be granted. On April 8, 2011, the defendants removed the case to this court on the basis of this court's diversity jurisdiction.

On April 28, 2011, RecoverCare filed a motion for a preliminary injunction and an expedited hearing. In the motion for a preliminary injunction, RecoverCare stated that Hagopian had informed RecoverCare that the sale of the technology for the AutoVector had been re-scheduled for April 29, 2011. On May 27, 2011, the defendants filed a response to RecoverCare's motion for a preliminary injunction. The defendants noted that on May 2, 2011, a company named Joerns had purchased from Biologics the assets and patents related to the AutoVector. The defendants stated that RecoverCare continued to purchase AutoVectors directly from Joerns, and at the same price that it had previously paid to Biologics for them. RecoverCare never submitted reply papers concerning the motion for a preliminary injunction,

Additionally, on April 28, 2011, RecoverCare moved to disqualify counsel for the defendants, Frost Brown Todd. RecoverCare asserted that it had engaged Frost Brown Todd to provide general legal representation on or about January 13, 2010, and that the representation was ongoing. Thus, RecoverCare asserted, Frost Brown Todd could not represent the defendants, since they were parties adverse to RecoverCare. In response, defendants argued that

- 4 -

RecoverCare was no longer a Frost Brown Todd client, that the work Frost Brown Todd had performed for RecoverCare was not substantially related to the current action, and that RecoverCare had not shared any confidential information with Frost Brown Todd that was being used in the current action. RecoverCare filed a reply in support of its motion to disqualify counsel.

## II. THE DEFENDANTS' MOTION TO DISMISS

### A.

Upon a motion to dismiss for failure to state a claim, a court "must construe the complaint in the light most favorable to plaintiff" and "accept all well-pled factual allegations as true." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations respecting all material elements" of the offense. *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 902 (6th Cir. 2009) (internal question marks ommitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A plaintiff must provide more than "labels and conclusions," *Twombly*, 550 U.S. at 555, or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Thus, a court considering a motion to dismiss can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. After doing so, the court should determine whether the remaining well-pled factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*

## B.

The defendants argue that RecoverCare's complaint fails to state a claim upon which relief may be granted with respect to AWT because the contract that RecoverCare claims AWT breached covered only the 900t System, not the AutoVector. However, AWT no longer distributed the 900t System, as was AWT's right under the agreement. Thus, RecoverCare had no claim against AWT under the agreement. The defendants further contend that RecoverCare's complaint fails to state a claim against Biologics. The defendants argue that Biologics was not a party to the distribution agreement with RecoverCare, nor did the distribution agreement cover the AutoVector that Biologics provided to RecoverCare.[2]

In response, RecoverCare asserts that its complaint was sufficient because it alleged that RecoverCare had a contract with AWT for the 900t System, that the AutoVector was a replacement of the 900t System, and that AWT assigned or transferred its rights under the distribution agreement to Biologics. According to RecoverCare, Biologics must thus continue to supply AutoVectors to RecoverCare through May 2012.

---

[2] The defendants also contend that RecoverCare's complaint must be dismissed for lack of jurisdiction, pointing to a forum-selection clause in a copy of the contract that they attached to their motion to dismiss. The defendants noted that the copy of the contract attached to RecoverCare's complaint was incomplete. The forum-selection clause in the defendants' copy of the contract provides, "For purposes of injunctive relief, each party consents to the jurisdiction of any federal or state court in the Tampa metropolitan region." In its response, RecoverCare acknowledged that the copy of the contract attached to its complaint was incomplete, but stated that it could not confirm that the copy provided by defendants was the correct copy without further discovery. RecoverCare argued that, even assuming arguendo that the forum-selection clause was a part of the actual contract, that clause was merely permissive, not mandatory, of jurisdiction and venue in Tampa, Florida courts, and thus did not preclude this court from exercising jurisdiction over the case. As described in the main text, this court finds that RecoverCare's complaint should be dismissed for failure to state a claim; thus, there is no need to determine whether the defendants have provided a correct copy of the contract or to reach the forum-selection clause issue.

C.

RecoverCare's claims against both defendants must be dismissed. The distribution agreement, which RecoverCare attached to its complaint, was, by its stated terms, between AWT and RecoverCare and related to RecoverCare's rights to distribute the 900t System. However, RecoverCare's claims for breach of contract and breach of the implied duty of good faith and fair dealing stem from the refusal of a different company, Biologics, to sell a different product, the AutoVector, to RecoverCare or to inform any purchaser of the AutoVector technology about the distribution agreement. RecoverCare makes no allegations that AWT ever manufactured AutoVectors, nor does RecoverCare ever allege that it purchased AutoVectors from AWT. By the same token, RecoverCare has not alleged that Biologics was a party to the distribution agreement signed by RecoverCare and AWT concerning the 900t System. In short, RecoverCare's claims against Biologics are premised on a contract that Biologics was not a party to, while RecoverCare's claims against AWT are premised on the refusal of a party other than AWT to provide a product that AWT never manufactured or sold.

RecoverCare, apparently recognizing the incongruities of claiming that AWT breached a contract when Biologics refused to sell a product to RecoverCare and that Biologics breached a contract it was not a party to, alleges in its complaint that "[u]pon information and belief," "AW[T] assigned the Agreement to Biologics" and, further, that "Biologics is the agent, assignee and/or alter ego of AWT and is responsible for fulfilling AWT's obligation to distribute [the AutoVector] to RecoverCare . . . pursuant to the terms of the Agreement" (Amended Complaint ¶¶ 24, 28). But those allegations are no more than conclusory statements providing theories for recovery. They are not the sort of well-pleaded factual allegations that this court must accept as

true, but instead are the types of conclusions that are not entitled to the assumption of truth. *Iqbal*, 129 S.Ct. at 1950; *see Twombly*, 550 U.S. 544 (dismissing a complaint with allegations of a "contract, combination or conspiracy to prevent competitive entry" in violation of the Sherman Act because the plaintiffs' assertion of an illegal agreement was only a legal conclusion and the remaining factual allegations were insufficient to plausibly suggest an unlawful agreement).

Thus, this court must turn to the well-pleaded factual allegations in the complaint to determine whether they plausibly suggest an entitlement to relief. *Iqbal*, 129 S.Ct. at 1951. RecoverCare alleges that both Biologics and AWT are owned and controlled by the same person and operate from the same office, and that Biologics fulfilled RecoverCare's orders for AutoVectors. But the fact that a person owns two companies and operates them out of the same office does not show that the two companies are one and the same, nor does it show that AWT assigned its contract to Biologics. Nor does the fact that Biologics was fulfilling orders placed by RecoverCare for AutoVectors mean that AWT assigned the 900t System distribution agreement to Biologics and that the 900t System agreement encompassed the AutoVector. While it is conceivable that Biologics distributed AutoVectors to RecoverCare because AWT assigned the distribution agreement to it and the AutoVector was covered under the distribution agreement as a replacement of the 900t System, it is more plausible that Biologics simply fulfilled RecoverCare's orders for AutoVectors because it was happy to sell its product to a willing buyer.

RecoverCare's complaint also semantically elides the distinction between the 900t System and the AutoVector by generally referring to both as "the Product," and only distinguishing between the two to call the AutoVector a replacement of the 900t System. The complaint points out that section 2.5 of the distribution agreement provided that AWT had

reserved the right to "modify, replace, or add to" the 900t System; that same section also provided that RecoverCare would have the "first right of refusal to distribute any replacement products or additional products." However, RecoverCare conspicuously failed to allege that it was AWT that replaced the 900t System with the AutoVector, instead using the passive voice to state the 900t System "was replaced" by the AutoVector. RecoverCare further failed to allege that AWT ever produced or sold AutoVectors; rather, the complaint made clear that RecoverCare had purchased AutoVectors from Biologics rather than AWT. While AWT may have had the right to replace the 900t System under the contract, that does not mean they did so. And while Biologics may have developed and produced a better product–the AutoVector–that RecoverCare then purchased from them, that does not mean that AWT replaced the 900t System with the AutoVector such that the AutoVector would fall under the contract between RecoverCare and AWT. Simply put, the allegations are insufficient to show that the AutoVector produced by Biologics fell under the 900t System distribution agreement between RecoverCare and AWT.

In short, RecoverCare has not shown that it is entitled to relief, because, while it had a five-year distribution agreement with AWT for the 900t System, its complaint alleges that a separate company, Biologics, would not provide it with a different product, the AutoVector, or tell a purchaser of the technology for the AutoVector about the distribution agreement for the 900t System. RecoverCare's allegations that Biologics was the agent, assignee, or alter ego of AWT are conclusory and not supported by sufficient factual allegations to allow any more than an inference of the "mere possibility" that RecoverCare is entitled to relief. *Iqbal*, 129 S.Ct. at 1950. That is not enough. *Id.*

## III. CONCLUSION

For the above reasons, RecoverCare's complaint will be dismissed. The remaining motions will be dismissed as moot.

A separate order will issue in accordance with this opinion.

March 22, 2012

**Charles R. Simpson III, Judge**
**United States District Court**